# Illinois Official Reports

## Supreme Court

---

### *People v. Abdullah*, 2019 IL 123492

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. MUHAMMAD S. ABDULLAH, Appellant. |
| Docket No. | 123492 |
| Filed | November 21, 2019 |
| Decision Under Review | Appeal from the Appellate Court for the Second District; heard in that court on appeal from the Circuit Court of Lake County, the Hon. George Bridges, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |
| Counsel on Appeal | James E. Chadd, State Appellate Defender, Patricia Mysza, Deputy Defender, and David T. Harris, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellant.<br><br>Kwame Raoul, Attorney General, of Springfield (Jane Elinor Notz, Solicitor General, and Michael M. Glick and Brian McLeish, Assistant Attorneys General, of Chicago, of counsel), for the People. |

JUSTICE KILBRIDE delivered the judgment of the court, with opinion.

Chief Justice Burke and Justices Thomas, Garman, Karmeier, Theis, and Neville concurred in the judgment and opinion.


**OPINION**

¶ 1     This appeal is brought by Muhammad S. Abdullah[1] from the appellate court judgment affirming the order of the circuit court of Lake County denying his petition for relief from judgment filed pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2014)). 2018 IL App (2d) 150840. We allowed Abdullah's petition for leave to appeal under Illinois Supreme Court Rule 315(a) (eff. Apr. 1, 2018). We reverse and remand with directions.

¶ 2                                    I. BACKGROUND

¶ 3     In 2004, Abdullah was charged by indictment with, among other crimes, first degree murder in the shooting death of Marco Wilson and attempted first degree murder in the nonfatal shooting of Luis Melendez on March 15, 2004. The indictment did not charge firearm enhancements for any offense.[2] On June 9, 2005, following a jury trial, Abdullah was convicted of the first degree murder of Wilson and the attempted first degree murder and aggravated battery with a firearm of Melendez. On August 17, 2005, the trial court sentenced Abdullah to concurrent prison terms of 40 years for first degree murder and 20 years for attempted first degree murder.

¶ 4     On September 2, 2005, the State filed a "Motion to Impose Mandatory Minimum and Mandatory Consecutive Sentence." The State argued that consecutive sentences were mandatory under section 5-8-4(a)(i) of the Unified Code of Corrections (730 ILCS 5/5-8-4(a)(i) (West 2004)) when "one of the offenses for which the defendant was convicted was first degree murder or a Class X or Class 1 felony and the defendant inflicted severe bodily injury." Further, the State sought a prison term of at least 45 years on the first degree murder conviction, representing the 20-year minimum prison term for that offense plus an additional 25-year firearm enhancement (730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2004)) because, in committing the offense, Abdullah personally discharged a firearm, causing Wilson's death.

¶ 5     On September 8, 2005, Abdullah filed a notice of appeal. The State then moved to dismiss the notice of appeal as untimely. The State argued that the original sentences imposed on August 17, 2005, were invalid. According to the State, Abdullah could not bring an appeal

---

[1]The indictment and mittimus in this case list petitioner's name as Abdullah S. Muhammad. The appellate court opinion, however, captions the case as Muhammad S. Abdullah, and petitioner represents that his name is Muhammad S. Abdullah.

[2]In 2003, this court held the statute creating firearm enhancements for attempted murder unconstitutional as a violation of the Illinois proportionate penalty clause. *People v. Morgan*, 203 Ill. 2d 470, 489-92 (2003).

until valid sentences were imposed. On October 13, 2005, the trial court struck Abdullah's notice of appeal.

¶ 6    The trial court resentenced Abdullah on November 17, 2005, imposing consecutive prison terms of 50 years for first degree murder and 31 years for attempted first degree murder, including a 25-year firearm enhancement for both offenses. [3] Abdullah moved for reconsideration and argued, among other things, that once his notice of appeal was filed, the trial court lacked jurisdiction to modify and increase his sentences. The trial court rejected Abdullah's argument. On January 20, 2006, on Abdullah's motion to reconsider the new sentence, the trial court reduced the prison term for attempted first degree murder to 26 years, representing the 6-year minimum prison term for that offense plus an additional 20-year firearm enhancement (720 ILCS 5/8-4(c)(1)(C) (West 2004)), consecutive to the 50-year sentence for first degree murder, for an aggregate term of 76 years of imprisonment.

¶ 7    Abdullah then refiled his notice of appeal. On direct appeal, the appellate court affirmed the convictions and sentences. *People v. Muhammad*,[4] No. 2-06-0086 (2008) (unpublished order under Illinois Supreme Court Rule 23). The trial court subsequently summarily dismissed Abdullah's petition filed under the Post-Conviction Hearing Act (725 ILCS 5/122-2.1(a)(2) (West 2008)).

¶ 8    On January 27, 2014, Abdullah filed the *pro se* petition under section 2-1401 (735 ILCS 5/2-1401 (West 2014)) that is the subject of this appeal. Abdullah argued that the addition of the 25-year and 20-year firearm enhancements to his sentences violated *ex post facto* laws because it was unconstitutional at the time of his offense under *People v. Morgan*, 203 Ill. 2d 470 (2003) (holding that the firearm enhancement to the attempt statute violated the proportionate penalties clause of our state constitution), and also deprived him of due process because the enhancements were based on facts not alleged in the charging instrument and not submitted to the jury and proved beyond a reasonable doubt. Abdullah later filed a *pro se* "Supplemental Argument," contending the imposition of consecutive sentences deprived him of due process, as well as a "motion for 'Additional § 2-1401 Relief from Void Judgment,' " contending that a fraudulent instruction was given to the jury.

¶ 9    Subsequently, trial counsel appeared on Abdullah's behalf and, after the State moved to dismiss the section 2-1401 petition, filed an amended motion to vacate both firearm enhancements, arguing again that the facts underlying the modifications to Abdullah's sentences were not submitted to the jury and proved beyond a reasonable doubt. On May 20, 2015, the trial court found it had erred by imposing firearm enhancements without the State charging them or presenting them to the jury but found this error harmless and denied the petition. After the court denied Abdullah's motion to reconsider, he appealed.

¶ 10    On appeal, Abdullah contended his increased sentences were void for two reasons. First, he argued that, because he timely filed a notice of appeal, the circuit court lacked jurisdiction to resentence him on both counts and increase his sentences to consecutive terms with firearm enhancements. Second, Abdullah argued that, because *Morgan*, 203 Ill. 2d 470, was

---

[3]On October 6, 2005, this court filed *People v. Sharpe*, 216 Ill. 2d 481, 519 (2005), overruling *Morgan*, 203 Ill. 2d 470, and reviving the firearm enhancements for attempted first degree murder.

[4]Again, we note that, although the record gave his name as Abdullah Muhammad, he represents himself as Muhammad Abdullah.

controlling law at the time of his offense and original sentencing, the firearm enhancement for attempted murder was void *ab initio* and could not be applied to him even after *Morgan* was overruled in *People v. Sharpe*, 216 Ill. 2d 481 (2005).

¶ 11    The appellate court rejected Abdullah's arguments and affirmed his modified sentences. 2018 IL App (2d) 150840. The appellate court held that, although Rule 606(b) directs the trial court to strike a notice of appeal when a timely postjudgment motion has been filed "by counsel or by defendant, if not represented by counsel" (Ill. S. Ct. R. 606(b) (eff. Dec. 1, 1999)), the term "counsel" is ambiguous. 2018 IL App (2d) 150840, ¶¶ 14-15. The appellate court construed that term to include the prosecutor and, therefore, determined that the trial court had jurisdiction to modify Abdullah's sentence. 2018 IL App (2d) 150840, ¶¶ 16-17. The appellate court also held that, despite *Morgan*, "the firearm enhancement factor for attempted murder was not unconstitutional prior to *Sharpe*; it was erroneously held to be unconstitutional" and thus was properly applied to Abdullah's 2004 offense. The appellate court denied Abdullah's petition for rehearing. 2018 IL App (2d) 150840, ¶ 20. We granted Abdullah's petition for leave to appeal. Ill. S. Ct. R. 315(a) (eff. Apr. 1, 2018).

¶ 12                                    II. ANALYSIS

¶ 13    The issue in this appeal concerns whether the circuit court properly denied Abdullah's petition filed under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2014)). Section 2-1401 provides a comprehensive statutory procedure authorizing a trial court to vacate or modify a final order or judgment older than 30 days. *People v. Vincent*, 226 Ill. 2d 1, 7 (2007). Section 2-1401 provides a civil remedy that extends to criminal cases as well as to civil cases. *Vincent*, 226 Ill. 2d at 8. Although a section 2-1401 petition must be filed in the same proceeding that the order or judgment was entered, it is not a continuation of the original action. 735 ILCS 5/2-1401(b) (West 2014); *Vincent*, 226 Ill. 2d at 7. Rather, "[a] section 2-1401 proceeding is a new and separate cause of action that is subject to the usual rules of civil procedure." *People v. Shinaul*, 2017 IL 120162, ¶ 8. A petition filed pursuant to section 2-1401 must normally "be filed not later than 2 years after the entry of the order or judgment." 735 ILCS 5/2-1401(c) (West 2014). An exception to the two-year limitations period, however, exists when the petition challenges a void judgment. *People v. Thompson*, 2015 IL 118151, ¶ 29. This court recognizes only two circumstances when a judgment will be deemed void: (1) when the judgment was entered by a court that lacked jurisdiction or (2) when the judgment was based on a statute that is facially unconstitutional and void *ab initio*. *People v. Price*, 2016 IL 118613, ¶ 31. We review *de novo* a section 2-1401 petition that was denied or dismissed on legal grounds. *Thompson*, 2015 IL 118151, ¶ 25.

¶ 14    Here, the appellate court affirmed the trial court's denial of Abdullah's section 2-1401 petition, rejecting his argument that the orders modifying his original sentences are void because they were entered while an appeal was pending and, therefore, the trial court lacked jurisdiction to resentence him. The appellate court reasoned that, under Rule 606(b) (Ill. S. Ct. R. 606 (eff. Dec. 1, 1999)), a notice of appeal filed before the trial court ruled on the State's motion would be premature and would not vest jurisdiction in the appellate court. The appellate court also rejected Abdullah's claim that his firearm enhancement for attempted murder was void *ab initio* and could not be applied to him even after *Morgan* was overruled in *Sharpe*.

¶ 15        Before this court, Abdullah argues that, because Rule 606(b) only directs trial courts to strike notices of appeal when the defense files a timely postjudgment motion, his timely filed notice of appeal conferred jurisdiction on the appellate court despite the State's pending motion seeking a sentence increase. Abdullah contends that, therefore, the subsequent sentencing orders are void because the trial court lacked jurisdiction to modify his sentences. In the alternative, Abdullah argues that, because the statute creating the firearm enhancements for attempted murder was unconstitutional under *Morgan* at the time of his offense, his firearm enhancement for attempted murder is void.

¶ 16        The State counters that no statute or rule prohibits it from filing a posttrial motion to correct a defendant's sentence and that, therefore, Rule 606(b) requires the trial court to strike a defendant's notice of appeal when the prosecution files a postjudgment motion to increase a defendant's sentence. The State also argues that the firearm enhancement added to Abdullah's attempted murder sentence was not void when he was sentenced in November 2005. See *Sharpe*, 216 Ill. 2d 481. Nevertheless, the State concedes that Abdullah's 20-year firearm enhancement for attempted murder should be vacated, though for a different reason: it violates *ex post facto* principles.

¶ 17        Despite the State's concession, an unresolved issue remains as to what Abdullah's sentence should be. Abdullah asks that this court vacate the sentences entered on November 17, 2005, and modified on January 20, 2006, and reinstate his original *concurrent* sentences of 40 years for first degree murder and 20 years for attempted murder. The State asks this court to affirm the appellate court judgment and orders modifying Abdullah's sentence but to exercise our supervisory authority to impose a sentence that complies with *ex post facto* principles by vacating the 20-year firearm enhancement to Abdullah's attempted murder sentence or remanding the case to the circuit court with orders to resentence Abdullah in compliance with section 5-8-1(a)(1)(d)(iii) (730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2004) (adding 25-year firearm enhancement for murder conviction)) and imposing consecutive terms for Abdullah's first degree murder and attempted murder convictions pursuant to section 5-8-4 of the Unified Code of Corrections (730 ILCS 5/5-8-4 (West 2004)).

¶ 18        Thus, the proper sentence depends upon whether the subsequent sentencing orders are void because the trial court lacked jurisdiction. We begin our analysis by addressing the trial court's postjudgment jurisdiction. Issues of jurisdiction and interpretation of a supreme court rule are both subject to *de novo* review. See *In re A.H.*, 207 Ill. 2d 590, 593 (2003) (applying *de novo* review to jurisdiction issue); *People v. Drum*, 194 Ill. 2d 485, 488 (2000) (applying *de novo* review to interpretation of Rule 604(a)(1) (Ill. S. Ct. R. 604(a)(1) (eff. Aug. 1, 1992))).

¶ 19        Criminal defendants in Illinois have a fundamental right to appeal their convictions and sentences after a final judgment. *People v. Ross*, 229 Ill. 2d 255, 268 (2008) ("A criminal defendant has no federal constitutional right to a direct appeal, but under the Illinois Constitution the right to appeal a criminal conviction is fundamental ***."); Ill. Const. 1970, art. VI, § 6. "The final judgment in a criminal case is the sentence." *People v. Caballero*, 102 Ill. 2d 23, 51 (1984). To exercise the right to a direct appeal, a defendant must file a notice of appeal within 30 days after the final judgment appealed from or within 30 days after the entry of the order disposing of a postjudgment motion. Ill. S. Ct. R. 606(b) (eff. Dec. 1, 1999).

¶ 20    The State, on the other hand, has a limited right to appeal in criminal cases. Rule 604(a) sets forth the specific instances when the State may appeal. Rule 604(a) provides, in relevant part:

> "(1) When State May Appeal. In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114-1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence.
>
> (2) Leave to appeal by State. The State may petition for leave to appeal under Rule 315(a)." Ill. S. Ct. R. 604(a) (eff. Nov. 1, 2000).

¶ 21    A timely filed notice of appeal is the only jurisdictional step required to confer jurisdiction upon the appellate court. *People v. Lewis*, 234 Ill. 2d 32, 37 (2009). "When the notice of appeal is filed, the appellate court's jurisdiction attaches *instanter*, and the cause is beyond the jurisdiction of the trial court." *People v. Bounds*, 182 Ill. 2d 1, 3 (1998).

¶ 22    Rule 606(a) governs perfection of appeal in criminal cases, and subsection (b) creates an exception to the jurisdictional effect of a notice of appeal. The version of Rule 606(b) in effect when Abdullah was sentenced stated, in relevant part:

> "(b) Time. Except as provided in Rule 604(d), the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion. *When a timely post-trial or post-sentencing motion directed against the judgment has been filed by counsel or by defendant, if not represented by counsel, any notice of appeal filed before the entry of the order disposing of all pending post-judgment motions shall have no effect and shall be stricken by the trial court.* *** This rule applies whether the timely post-judgment motion was filed before or after the date on which the notice of appeal was filed. A new notice of appeal must be filed within 30 days following the entry of the order disposing of all timely post-judgment motions." (Emphasis added.) Ill. S. Ct. R. 606(b) (eff. Dec. 1, 1999).

¶ 23    Here, Abdullah filed his notice of appeal after the State filed a motion to increase his sentences but before the trial court ruled on the State's motion. As the appellate court recognized, "[w]hether the trial court retained jurisdiction depends on whether the State's motion rendered defendant's notice of appeal ineffective." 2018 IL App (2d) 150840, ¶ 11. In other words, the issue depends on whether the State could rely on Rule 606(b)'s exception to the jurisdictional effect of filing a notice of appeal.

¶ 24    According to Abdullah, under the plain language of Rule 606(b), only a posttrial or postsentencing motion filed by the defense renders a notice of appeal ineffective. Abdullah submits that, once he timely filed his notice of appeal, the trial court lacked jurisdiction to take any further action and the State could not rely on Rule 606(b) to render his appeal ineffective. We must, therefore, interpret Rule 606(b) to determine whether Abdullah's appeal was rendered ineffective by the State's pending posttrial motion to modify or correct the sentences.

¶ 25    Principles of statutory construction apply to interpretation of our supreme court rules. *People v. Geiler*, 2016 IL 119095, ¶ 17. In construing a statute or a supreme court rule, our primary objective is to ascertain and give effect to the drafters' intent. *In re Q.P.*, 2015 IL

118569, ¶ 14. We look to the plain language of a statute or rule as the best indication of the drafters' intent. *People v. Salem*, 2016 IL 118693, ¶ 11. We must review the rule, as a whole, construing words and phrases in light of other relevant provisions and not in isolation. *People v. Clark*, 2019 IL 122891, ¶ 20. "Each word, clause, and sentence of a statute [or rule] must be given a reasonable meaning, if possible, and should not be rendered superfluous." *Clark*, 2019 IL 122891, ¶ 20. We may consider the reason for the rule, "the problems sought to be remedied, the purposes to be achieved, and the consequences of construing the statute [or rule] one way or another." *Clark*, 2019 IL 122891, ¶ 20. "[W]hen interpreting a rule, we must presume that the drafters did not intend to produce absurd, inconvenient or unjust results." *People v. Marker*, 233 Ill. 2d 158, 167 (2009).

¶ 26    The plain language of Rule 606(b) directs a trial court to strike a notice of appeal "*when a timely post-trial or post-sentencing motion directed against the judgment* has been filed by counsel or by defendant, if not represented by counsel." (Emphasis added.) Ill. S. Ct. R. 606(b) (eff. Dec. 1, 1999). Initially, then, we must determine whether the State's motion to modify Abdullah's sentences was a permissible "post-trial or post-sentencing motion directed against the judgment." For the following reasons, we determine that the State's motion was not permitted and, therefore, did not qualify as an exception to the jurisdictional change effected by Abdullah's timely filed notice of appeal.

¶ 27    Article 116 of the Code of Criminal Procedure allows for certain posttrial motions. Article 116, titled "Post-Trial Motions," includes defense motions seeking a new trial (725 ILCS 5/116-1 (West 2004)), defense motions in arrest of judgment (725 ILCS 5/116-2 (West 2004)), defense motions to vacate prostitution convictions for sex trafficking victims (725 ILCS 5/116-2.1) (West 2014)), defense motions for forensic testing (725 ILCS 5/116-3 (West 2004)), motions concerning preservation of evidence for forensic testing (725 ILCS 5/116-4 (West 2004) (allowing law enforcement agency to petition for order allowing it to dispose of evidence)), and motions by the defense for a DNA database search (725 ILCS 5/116-5 (West 2004)). Nothing in article 116 permits the State to file a posttrial motion to increase a defendant's sentence.

¶ 28    In contrast, section 5-4.5-50 of the Unified Code of Corrections (730 ILCS 5/5-4.5-50(d) (West 2010)) authorizes postsentencing challenges by *defendants* seeking sentence reductions. Subsection (d) provides:

> "MOTION TO REDUCE SENTENCE. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 30 days after the sentence is imposed. A defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written motion filed with the circuit court clerk within 30 days following the imposition of sentence. A motion not filed within that 30-day period is not timely. The court may not increase a sentence once it is imposed. ***
>
>         ***
>
> If a motion filed pursuant to this subsection is timely filed, then for purposes of perfecting an appeal, a final judgment is not considered to have been entered until the motion to reduce the sentence has been decided by order entered by the trial court." 730 ILCS 5/5-4.5-50(d) (West 2010).

¶ 29    Although section 5-4.5-50 was not effective at the time of Abdullah's sentencing, subsection (d) is consistent with Abdullah's argument that the State is not authorized to file a posttrial motion to increase a defendant's sentence and trigger the striking of a defendant's timely filed notice of appeal. The State has cited no statute, rule, or case law that would allow it to file such a motion and simply argues that no statute, rule, or case law expressly prohibits the State from filing a posttrial motion to increase a defendant's sentence. We do not find the State's argument persuasive.

¶ 30    "Rule 604(a) sets forth with specificity those instances where the State may appeal in a criminal case. The rule does not permit the State to appeal a sentencing order." *People v. Castleberry*, 2015 IL 116916, ¶ 21. Because the rule does not authorize the State to appeal sentencing orders, it follows that the State could not have filed a motion to modify Abdullah's sentencing order to circumvent that rule. This court has held that the State may seek the remedy of *mandamus* to challenge criminal sentencing orders when it alleges the trial court violated a mandatory sentencing requirement. *Castleberry*, 2015 IL 116916, ¶ 27; see also *Price*, 2016 IL 118613, ¶ 17 ("After *Castleberry*, a reviewing court may no longer, *sua sponte*, correct a statutorily nonconforming sentence [citation], the State may no longer seek to correct such a sentence on direct review but must seek a writ of *mandamus* to do so [citation] ***."). The State may seek *mandamus* relief even while a defendant's direct appeal is pending. *Castleberry*, 2015 IL 116916, ¶ 27.

¶ 31    This was not a new rule created by *Castleberry*. Rather, it was clear in 2005 when the trial court sentenced Abdullah in this case that the State could move for imposition of mandatory sentences via *mandamus*. See *People ex rel. Waller v. McKoski*, 195 Ill. 2d 393, 401-02 (2001) (issuing writ of *mandamus* directing trial court to impose mandatory consecutive sentences).

¶ 32    The State's postsentencing filing of a motion to modify and increase Abdullah's sentences was not authorized by statute or by rule. Moreover, because the State could not have filed a posttrial or postsentencing motion directed at the judgment, the term "counsel" as used in Rule 606(b) necessarily refers only to defense counsel, not the State.

¶ 33    Accordingly, the State could not rely on Rule 606(b) to delay or circumvent Abdullah's right to a direct appeal. The State may not file motions seeking unauthorized relief from orders it cannot appeal. The State chose the wrong remedy to challenge the trial court's sentencing order in this case.

¶ 34    We hold that the State's unauthorized motion to reconsider the sentence had no effect on the jurisdictional impact of Abdullah's perfected appeal. The trial court's subsequent orders entered after Abdullah timely filed his notice of appeal are, therefore, void. A judgment entered by a court that lacked jurisdiction is one of the circumstances when a judgment will be deemed void. See *Price*, 2016 IL 118613, ¶ 31. We find that the circuit court erroneously dismissed Abdullah's section 2-1401 petition and the appellate court erroneously affirmed that decision.

¶ 35    Accordingly, the sentence entered on November 17, 2005, and modified on January 20, 2006, must be vacated, and Abdullah's original concurrent sentences of 40 years for first degree murder and 20 years for attempted murder, entered August 17, 2005, must be reinstated. See *Shinaul*, 2017 IL 120162, ¶ 14 (when a judgment has been vacated and set aside, "the prior judgment is eliminated, and the case thereby returns to its status before the judgment was made"); see also *People v. Evans*, 174 Ill. 2d 320, 332 (1996) (when a motion to vacate a judgment is granted, the parties are returned to the status quo).

¶ 36    We deny the State's request to exercise our supervisory authority and order the trial court to resentence Abdullah. This court grants supervisory orders only in limited circumstances. *People ex rel. Birkett v. Bakalis*, 196 Ill. 2d 510, 512 (2001). "Their predominate use is to address issues which are brought to our attention in the context of petitions for leave to appeal, but which do not warrant full briefing, oral argument and issuance of an opinion." *Bakalis*, 196 Ill. 2d at 512. Beyond the leave to appeal docket, supervisory orders are disfavored, and "[a]s a general rule, we will not issue a supervisory order unless the normal appellate process will not afford adequate relief and the dispute involves a matter important to the administration of justice [citation] or intervention is necessary to keep an inferior tribunal from acting beyond the scope of its authority [citation]." *Bakalis*, 196 Ill. 2d at 513. The State has not argued that this is such a case. We therefore decline to exercise our supervisory authority.

¶ 37    We reverse and remand to the circuit court with directions to grant Abdullah's section 2-1401 petition, vacate the void sentencing orders, and reinstate Abdullah's original sentencing order. The State has not moved for leave in this court to file a petition for a writ of *mandamus*. Nothing in this opinion should be read as preventing the State from seeking *mandamus*. See *Castleberry*, 2015 IL 116916, ¶ 27 (noting that, where the State has not moved for leave to file *mandamus*, nothing prevented the State from filing such a request).

¶ 38                                III. CONCLUSION

¶ 39    For the foregoing reasons, we reverse the judgment of the appellate court affirming the circuit court's dismissal of Abdullah's section 2-1401 petition. We also reverse the order of the circuit court denying Abdullah's section 2-1401 petition. We remand the case to the circuit court with directions to grant that petition, vacate the void sentencing orders, and reinstate Abdullah's original sentencing order.

¶ 40    Reversed and remanded with directions.