2022 IL App (2d) 210079
No. 2-21-0079
Order filed March 14, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 16-CF-1833 |
| LEONARD LAMONT JONES, | ) ) | Honorable Ronald J. White, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court, with opinion.
Justices Hutchinson and Jorgensen concurred in the judgment and opinion.

**ORDER**

¶ 1    *Held*: Defendant forfeited argument concerning a purported conflict between the trial court's oral pronouncement and its written order, and, in either event, there was no conflict between the pronouncement and written order.

¶ 2    Per a plea agreement, defendant, Leonard Lamont Jones, pleaded guilty to unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2016)) in return for a five-year sentence.  In accepting the plea, the trial court asserted that "the fines and costs that follows [*sic*] all reduced to judgment."  Addressing defendant, the court listed the fines and costs, reiterated "that is all reduced to judgment," and said, "[S]o you are all clear."  The court's written order and

other documents in the record indicate that $1308 in costs and fines were imposed. Over two years after defendant entered his negotiated plea, he filed a motion under Illinois Supreme Court Rule 472 (eff. May 17, 2019) to clarify the fines and costs imposed. The trial court denied the motion, and defendant appealed. At issue is whether (1) we have jurisdiction over this appeal; (2) defendant forfeited the issue he raises on appeal; (3) there is a conflict between (a) the trial court's oral pronouncement of fines, fees, and costs and (b) the court's written order; and (4) if there is a conflict, the court's oral pronouncement or its written order controls. We determine that (1) we have jurisdiction over this appeal; (2) defendant forfeited the issue he raises on appeal; and (3) even excusing defendant's forfeiture, there is no conflict between the court's oral pronouncement and its written order. Accordingly, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      In August 2016, defendant was indicted in case No. 16-CF-1833 on three counts of unlawful possession of a controlled substance (*id.* § 401(b)(1), (b)(2), (c)). Five months later, on January 11, 2017, defendant, acting *pro se*, agreed to plead guilty to count III (see *id.* § 401(c)) in exchange for (1) a five-year sentence, (2) the dismissal of the two other counts, and (3) the dismissal of six other pending cases, which included four traffic cases (case Nos. 16-TR-10732, 16-TR- 10733, 16-TR-10734, and 16-TR-10735), one felony case (case No. 16-CF-44), and one misdemeanor case (case No. 16-CM-1111). The trial court—which found the plea knowingly and voluntarily made—imposed the agreed-upon sentence, dismissed the other two counts, and dismissed the six other pending cases. After encouraging defendant to make changes in his life, and before admonishing him about his appeal rights, the court advised defendant as follows:

"And the fines and costs that follows [*sic*] all reduced to judgment. I'll state that on the record. Court costs of $328, street value fine of $10, trauma center fine of $100,

DNA testing has already been done, and fines, fees and penalties of $900, drug assessment of $500, lab fee of $100, and that is all reduced to judgment, so you are all clear."

¶ 5   On the day that defendant pleaded guilty, a "Supplemental D.O.C. Financial Order" was entered. This preprinted form—which was signed by defendant, the assistant state's attorney, and the court—provided that "[t]he defendant, having been convicted and sentenced to the Illinois Department of Corrections, it is hereby further ordered that the following financial obligations be imposed as part of the defendant's sentence." The form listed various charges with a blank line next to each charge. The blank lines were filled in with different dollar amounts. The completed form provided "Court Costs = $328.00," "Street Value Fine = $10.00," "Trauma Center Fine = $ 100.00," "DNA Indexing Fee = $ 50," "Fines, Fees, & Penalties = $ *per diem,*" "Drug Assessment = $500.00," and "Lab Fee = $100.00." The "Total Fee" was left blank. The form then indicated:

"The defendant is entitled to a $5.00 *per diem* credit of $900.00 which is to be applied towards the imposed fines other than the violent crimes victims fine [citation] and surcharge fine [citation]. Any bonds posted are to be applied towards the above specified financial obligations. Any balance is reduced to judgment."

¶ 6   Over two years later, in June 2020, defendant filed *pro se* a "Motion to Clarify Supplemental DOC Financial Order." Defendant alleged:

"1. In [case No.] 19-CF-762, the Defendant had $873.00 [in] bond money he expected would be refunded to him, but that money instead was applied to a $1,308 fine in [case No.] 16-CF-1833[, the case that defendant appeals here].

2. The Defendant was also required to pay an additional $189.90 collection fee [in case No. 16-CF-1833], which was added to the $1,038 fine.

3. Although the Defendant's signature appears on the financial order in [case No.] 16-CF-1833 approving of its form and content, the Defendant does not agree with the clerk's interpretation of the financial order.

4. The Defendant's understanding at the time was that he was entitled to a $900 credit against the $1,038 fine, which would have left a $138 balance due.

5. [The trial court] explained that the balance due would go to collection and that the Defendant would not be required to pay."

In the remainder of the motion, defendant challenged (1) the assignment of $4500 in bond money to the attorney who represented him in case No. 16-CF-44, (2) the $189.90 collection fee in case No. 16-CF-1833, and (3) the lack of clarity in the "Supplemental D.O.C. Financial Order." Defendant asserted that "[t]he financial sentencing order [was] ambiguous and should be clarified by the court."

¶ 7   Attached to defendant's motion was a document listing the "[b]ond amount[] *** for the remaining bond available after deduction of [the] 10% fee." This document listed four cases—case Nos. 16-CF-44, 16-CM-1111, 16-CF-1833, and 19-CF-762—and delineated how any bonds posted in these cases were applied. Specifically, the document indicated that the $4500 bond posted in case No. 16-CF-44 was refunded—pursuant to a bond assignment—to the attorney representing defendant in that case. In case No. 16-CM-1111, defendant posted $405 in bond. The $405 bond was applied to the $1038 in costs and fines imposed in case No. 16-CF-1833 (this case). After this bond money was applied, a balance of $633 remained. The document then provided:

"Remaining balance reduced to judgment. When a balance is reduced to judgment a judgment is entered against the defendant for the balance due. *** When the $633.00 balance was not paid the case was sent to collection and the $189.90 fee was added."

Thus, after the collection fee was added, defendant owed $822.90 in case No. 16-CF-1833. Concerning case No. 19-CF-762, defendant posted $873 in bond. Of that amount, $822.90 was applied to the outstanding balance in case No. 16-CF-1833. The document does not indicate the date that the bond was applied. The remaining $50.10 was then applied to an outstanding child-support fee in another case.

¶ 8    At a subsequent hearing on the motion for clarification, the trial court continued the case so that defendant could advise the court when he would be released from prison. At the next hearing on the motion, which was more than six months after it was filed, neither defendant nor any attorney for him was present. After the following colloquy with the assistant state's attorney, the trial court denied the motion:

"THE COURT: Well, [defendant] is another one that complicates issues. And he represented himself, I think, at one point, and he's filed a motion for a supplemental order regarding fines and costs. [Assistant State's Attorney] Ohtani is nice enough to take responsibility and see where we're at on this.

MS. OHTANI [ASSISTANT STATE'S ATTORNEY]: Your Honor, he—at the time that the defendant was sentenced to the Department of Corrections, he had an outstanding balance owed on outstanding fines and costs to the courthouse. He did have a bond balance at the time of $873. The defendant is asking that that money be refunded to him, essentially arguing that he was not—he was not told or given notice that he would have to pay outstanding fines and costs, but...

THE COURT: Well, fines and costs were ordered when he pled, weren't they?

MS. OHTANI: Yes, they were.

THE COURT: And through the statute and the clerk's office here, if he has any additional fines and costs outstanding, any bond he has posted is taken and applied to other cases.

MS. OHTANI: That's correct.

THE COURT: So his motion for—his motion to clarify the financial order is hereby heard and denied."

¶ 9     Defendant appealed within 30 days after this order was entered.

¶ 10    After defendant filed his notice of appeal, he sent to the trial court a "Criminal Case Ledger" for case No. 16-CF-1833. According to this ledger, $405 in various charges were assessed and satisfied with bond money on January 12, 2017 (leaving a balance of $633); $633 in charges were assessed on January 12, 2007; a collection fee of $189.90 was assessed on December 2, 2019 (leaving a balance of $822.90); $822.90 in assessed charges and fees were satisfied with bond money on February 26, 2020.

¶ 11                                   II. ANALYSIS

¶ 12    Defendant argues that the trial court's oral pronouncement of fines, fees, and costs at sentencing on January 11, 2017, conflicts with the court's written order, *i.e.*, the "Supplemental D.O.C. Financial Order." On our initiative, we consider the preliminary issues of jurisdiction and forfeiture. Thus, we address whether (1) we have jurisdiction over this appeal; (2) defendant has forfeited the issue he raises on appeal; (3) there is a conflict between the (a) trial court's oral pronouncement of fines, fees, and costs and (b) its written order; and (4) if there is a conflict, which one—the court's oral pronouncement or written order—controls. We consider each issue in turn.

¶ 13                                    A. Jurisdiction

¶ 14    The first issue we consider is whether we have jurisdiction over this appeal. Although neither party questions this court's jurisdiction, we have an independent duty to consider our jurisdiction and to dismiss an appeal if jurisdiction is lacking. *People v. Garcia*, 2015 IL App (1st) 131180, ¶ 65. We review *de novo* issues concerning our jurisdiction. *People v. Abdullah*, 2019 IL 123492, ¶ 18.

¶ 15    On appeal, defendant claims that he is appealing "from a final judgment denying [his] motion to clarify the Supplemental DOC Financial Order." He asserts that his motion for clarification "was filed under [Illinois] Supreme Court Rule 472 [(eff. May 17, 2019)]." Although the State does not directly address our jurisdiction, it asserts in its argument that defendant's motion for clarification "complied with the requirements of Supreme Court Rule 472."

¶ 16    Our jurisdiction to consider the substantive merits of the denial of the motion for clarification depends on whether the trial court had jurisdiction to consider the motion. See *People v. Bailey*, 2014 IL 115459, ¶ 29. We have no authority to consider the substantive merits of a judgment entered by a trial court that lacked jurisdiction. *Id.* Thus, if the trial court here lacked jurisdiction over the motion for clarification, our jurisdiction is limited to considering the jurisdiction of the trial court. See *id.* Accordingly, we must first address whether the trial court had jurisdiction over the motion for clarification.

¶ 17    Generally, the trial court loses jurisdiction to enter a substantive order in a case 30 days after the entry of the final judgment, unless a timely postjudgment motion is filed. *Id.* ¶ 14. In criminal cases, the final judgment is entered when the sentence is imposed. *People v. Ross*, 2018 IL App (3d) 160478, ¶ 8.

¶ 18    Here, the sentence was imposed on January 11, 2017. Defendant did not file any motion directed against this judgment within 30 days after January 11, 2017. See *People v. Kibbons*, 2016 IL App (3d) 150090, ¶ 12 (motion directed against the final judgment filed within 30 days of the final judgment tolls the time in which the defendant must appeal). Thus, the trial court lost jurisdiction to enter any substantive order in this case on February 10, 2017, 30 days after defendant was sentenced and long before defendant filed his motion for clarification.

¶ 19    Defendant essentially claims that the trial court had jurisdiction under Rule 472 to address the issues raised in his motion for clarification and that, because he timely appealed from the denial of his motion for clarification, we have jurisdiction to address the issue he raises on appeal. See *People v. Edwards*, 2020 IL App (1st) 170843, ¶ 27 (Rule 472 concerns a trial court's continuing jurisdiction); see also *People v. Copeland*, 2020 IL App (2d) 180423, ¶ 20 (Rule 472 provides that courts have continuing jurisdiction over only those sentencing errors delineated in the rule). Rule 472 provides:

“(a) In criminal cases, the [trial] court retains jurisdiction to correct the following sentencing errors at any time following judgment and after notice to the parties, including during the pendency of an appeal, on the court's own motion, or on motion of any party:

(1) Errors in the imposition or calculation of fines, fees, assessments, or costs;

(2) Errors in the application of *per diem* credit against fines;

(3) Errors in the calculation of presentence custody credit; and

(4) Clerical errors in the written sentencing order or other part of the record resulting in a discrepancy between the record and the actual judgment of the court. Ill. S. Ct. R. 472(a) (eff. May 17, 2019).

¶ 20     The plain language of Rule 472(a), to which we must defer (*Copeland*, 2020 IL App (2d) 180423, ¶ 13), provides that the trial court retained jurisdiction to consider four types of sentencing errors. Ill. S. Ct. R. 472(a) (eff. May 17, 2019). In his motion for clarification, defendant argued that (1) the $873 bond he posted in case No. 19-CF-762 should not have been applied to the charges assessed against him in this case, (2) the $189.90 collection fee was improperly imposed, and (3) the $4500 bond posted in case No. 16-CF-44 should not have been turned over pursuant to the bond assignment. These errors do not fall under any one of the four sentencing errors delineated in Rule 472(a). *Id.* Defendant also argued in his motion for clarification that he did "not agree with the clerk's interpretation of the financial order" and that the financial order "is unclear." Although these points hint at "clerical errors," defendant did not argue in his motion that these "clerical errors" resulted in a discrepancy between the written sentencing order, or other parts of the record, and the actual judgment of the court. See Ill. S. Ct. R. 472(a)(4) (eff. May 17, 2019). Rather, defendant asserted that the written order is "ambiguous and should be clarified by the [trial] court." Accordingly, this error, like the preceding ones, does not fall under any of the four sentencing errors specified in Rule 472(a).

¶ 21     The only argument defendant raised in his motion for clarification that appears to fall under Rule 472(a) is his claim that his "understanding at the time [he was sentenced] was that he was entitled to a $900 credit against the $1,038 fine, which would have left a $138 balance due." That argument concerns the application of *per diem* credit against defendant's fines. Ill. S. Ct. R. 472(a)(2) (eff. May 17, 2019). However, defendant raises a different issue on appeal; he argues to us that the trial court's oral pronouncement of fines, fees, and costs contradicts the court's written order and that the court's oral pronouncement should be given effect. Nonetheless, because defendant filed a motion that raised an issue that fell under Rule 472(a), we conclude that the trial

court had jurisdiction over the motion for clarification and, thus, we may consider the merits of this appeal. *Bailey*, 2014 IL 115459, ¶ 29; *Copeland*, 2020 IL App (2d) 180423, ¶ 20.

¶ 22    Instructive on this point is *Kibbons*. There, the defendant agreed to plead guilty to one count of aggravated driving while under the influence of alcohol in exchange for the State recommending a sentencing cap of eight years and dismissing various other charges. *Kibbons*, 2016 IL App (3d) 150090, ¶ 3. The trial court accepted the plea and, following a sentencing hearing, imposed an 8-year sentence, noting that, but for the sentencing cap, it would have imposed a 10-year sentence. *Id.* ¶¶ 3-4. The trial court advised the defendant about his rights to appeal, and the defendant filed a timely motion to reconsider his sentence. *Id.* ¶¶ 5-6. The trial court denied the motion. *Id.* ¶ 6. Instead of filing a notice of appeal, defendant filed various other motions, including a motion to withdraw the guilty plea. *Id.* ¶¶ 6-7. Once all the motions were disposed of, which was well after the time to file a notice of appeal had expired, the defendant appealed. *Id.* ¶ 7.

¶ 23    At issue on appeal was whether the defendant's notice of appeal was timely. *Id.* ¶ 9. In addressing that issue, the appellate court noted that the plea was a negotiated plea, and, thus, the defendant needed to move to withdraw the plea before he could appeal. *Id.* ¶ 12.[1] Although the defendant filed the wrong posttrial motion—a motion to reconsider the sentence instead of a motion to withdraw the plea—the motion to reconsider was a timely motion directed against the final judgment. *Id.* Thus, the motion to reconsider tolled the time the defendant had to appeal. *Id.*

---

[1] A motion to withdraw the guilty plea was necessary because it would give the trial court the opportunity, before an appeal, to address any improprieties that may have produced the guilty plea. *People v. Gorss*, 2022 IL 126464, ¶ 22.

If the defendant had filed a notice of appeal within 30 days after the trial court denied the motion to reconsider, the appellate court would have had jurisdiction over the appeal. *Id.* However, because the defendant did not file a timely notice of appeal from the denial of his motion to reconsider the sentence, the appellate court had no choice but to dismiss the appeal for lack of jurisdiction. *Id.* ¶ 13.

¶ 24 Although *Kibbons* concerned a different issue than is raised here, *Kibbons* is nonetheless insightful. In *Kibbons*, the defendant should have filed a motion to withdraw the guilty plea before he appealed so that the trial court could address any errors arising during those proceedings. Although the defendant filed the wrong motion, the filing of the wrong motion did not preclude the appellate court from exercising jurisdiction over the appeal. Rather, the appellate court in *Kibbons* was precluded from exercising jurisdiction over the appeal because the defendant did not file a timely notice of appeal from the denial of the motion to reconsider. See *Abdullah*, 2019 IL 123492, ¶ 21 ("A timely filed notice of appeal is the only jurisdictional step required to confer jurisdiction upon the appellate court.").

¶ 25 Here, unlike in *Kibbons*, defendant's motion for clarification was a proper Rule 472 motion because it raised one of the four sentencing errors specified in the rule.[2] Thus, like a motion to withdraw the guilty plea that should have been filed in *Kibbons*, the trial court here was allowed to address one of the sentencing errors specified in Rule 472(a). Because defendant's motion for clarification was a proper motion—at least regarding that one issue—the trial court had, as Rule

---

[2] In determining whether it was a proper motion, we note that the substance of the motion, rather that its caption, controls. See *People v. Miller*, 2017 IL App (3d) 140977, ¶ 29 ("[I]t is well-settled that the substance of a pleading, not its caption, identifies its nature.").

472(a) specifically provides, jurisdiction to consider at least that one issue. When the trial court denied the motion, defendant filed a timely notice of appeal, which perfected the appeal and gave this court jurisdiction over this case.[3] *Abdullah*, 2019 IL 123492, ¶ 21.

¶ 26                                B. Forfeiture

¶ 27    Having found that we have jurisdiction, we next address whether defendant forfeited the issue he raises on appeal—that there is a conflict between the court's oral pronouncement and its written order—by not raising that issue in his motion for clarification. In considering that issue, we must examine Rule 472(c). That section provides:

> "(c) No appeal may be taken by a party from a judgment of conviction on the ground of any sentencing error specified above unless such alleged error has first been raised in the [trial] court. When a post-judgment motion has been filed by a party pursuant to this rule, any claim of error not raised in that motion shall be deemed forfeited." Ill. S. Ct. R. 472(c) (eff. May 17, 2019).

¶ 28    "Principles of statutory construction apply to [the] interpretation of our supreme court rules." *Abdullah*, 2019 IL 123492, ¶ 25. "In construing a statute or a supreme court rule, our primary objective is to ascertain and give effect to the drafters' intent." *Id.* "We look to the plain language of a statute or rule as the best indication of the drafters' intent." *Id.* "We must review the rule, as a whole, construing words and phrases in light of other relevant provisions and not in isolation." *Id.* " 'Each word, clause, and sentence of a statute [or rule] must be given a reasonable

---

[3] Rule 472(b) provides that, when a trial court rules on a motion raising one of the four specified sentencing errors, that judgment constitutes a final judgment and is subject to appeal. Ill. S. Ct. R. 472(b) (eff. May 17, 2019).

meaning, if possible, and should not be rendered superfluous.' " *Id.* (quoting *People v. Clark*, 2019 IL 122891, ¶ 20). Even when the rule's language is clear, we may consider the reason for enacting the rule, " 'the problems sought to be remedied, the purposes to be achieved, and the consequences of construing the statute [or rule] one way or another.' " *Id.* (quoting *Clark*, 2019 IL 122891, ¶ 20); see also *County of Du Page v. Illinois Labor Relations Board*, 231 Ill. 2d 593, 604 (2008). " '[W]hen interpreting a rule, we must presume that the drafters did not intend to produce absurd, inconvenient or unjust results.' " *Abdullah*, 2019 IL 123492, ¶ 25 (quoting *People v. Marker*, 233 Ill. 2d 158, 167 (2009). The interpretation of our supreme court's rules presents a question of law that we review *de novo*. *People v. Campbell*, 224 Ill. 2d 80, 84 (2006).

¶ 29    The plain language of Rule 472(c) mandates that, when a defendant files a motion under Rule 472(a), any issue not raised in that motion is forfeited. On appeal, defendant argues that the court's oral pronouncement of the fines, fees, and costs contradicts the court's written order and that the oral pronouncement should be given effect. Defendant did not raise this issue in his motion for clarification. Accordingly, under Rule 472(c), it appears as if defendant has forfeited review of this issue.

¶ 30    However, the State has not argued on appeal that defendant has forfeited a review of the issue he raises now. Generally, the State forfeits or waives an issue of forfeiture if it fails to argue that defendant forfeited a review of an issue he raises for the first time on appeal. *People v. Bridgeforth*, 2017 IL App (1st) 143637, ¶ 46 ("The rules of waiver also apply to the State, and where, as here, the State fails to argue that defendant has forfeited the issue, it has waived the forfeiture."). We must determine whether, for purposes of Rule 472(c), the State forfeited forfeiture.

¶ 31    Resolving that issue requires that we examine the reason why our supreme court enacted Rule 472. *People v. Eason*, 2020 IL App (3d) 180296, provides guidance. There, the appellate court observed that issues concerning fines and fees were frequently unaddressed in the trial courts, as those assessments were often imposed after a defendant was sentenced. *Id.* ¶ 11. Because of that, appellate courts were faced with an abundance of appeals that raised only fines and fees issues. *Id.* Our supreme court enacted Rule 472 "to quell that tide by providing the [trial] court with jurisdiction, at any time after sentencing, to address those issues [for] the first time." *Id.*

¶ 32    Supporting the *Eason* court's theory was then-Chief Justice Lloyd Karmeier's explicit statements about the policy considerations that went into enacting Rule 472. He stated:

> " 'To deal with those situations, the new rules create a clear and unambiguous mechanism for fixing the specified types of sentencing errors discovered after judgment has been entered, eliminating uncertainty regarding what needs to be done, where, when and how. The rules make clear that motions to correct the enumerated errors may be made at any time after judgment, including while the case is on appeal, *but such motions must always be directed to the circuit court in the first instance*. If they are not—if the [trial] court is not given first crack at fixing the error—the error cannot be grounds for an appeal.' (Emphasis in original.)" *Id.* ¶ 12 (quoting Karmeier, CJ., *Overcoming the Chronic Challenge of Correcting Sentencing Errors: Help is on the Way*, (Feb. 25, 2019) http://illinoiscourts.gov/Media/enews/2019/022519_chief_article.asp [https://perma.cc/R3HE-7X3B].)

¶ 33    Moreover, Rule 472 was amended in May 2019 to add paragraph (e) (Ill. S. Ct. R. 472(e) (eff. May 17, 2019)), which provides:

"In all criminal cases pending on appeal as of March 1, 2019, or appeals filed thereafter in which a party has attempted to raise sentencing errors covered by this rule for the first time on appeal, the reviewing court shall remand to the circuit court to allow the party to file a motion pursuant to this rule."

¶ 34    Since Rule 472 was enacted to curtail the number of appeals raising sentencing errors best addressed first in the trial courts, a holding that the State could forfeit forfeiture under Rule 472 would thwart the rule's very purpose. Indeed, aside from concerns about judicial economy, there are some situations, like that presented here, where it makes far more sense for the trial court to address the Rule 472 sentencing error than for the appellate court to do so. That is, here, the trial court knows exactly what it meant when, in its oral pronouncement, it stated that the "costs" were "reduced to judgment" and that defendant was "all clear." We, in contrast, can only guess what the court meant.

¶ 35    In light of our supreme court's reasons for enacting Rule 472, we must conclude that, while a defendant may forfeit for review a sentencing error delineated in Rule 472 by failing to raise the error in a proper motion, the State cannot, by failing to raise the defendant's forfeiture, forfeit the forfeiture.[4]

¶ 36            C. Conflict Between Oral Pronouncement and Written Order

---

[4] It goes without saying that our conclusion is premised on the fact that the issue defendant raises on appeal falls under Rule 472(a)(4) (eff. May 17, 2019). If the issue defendant raised on appeal did not fall under Rule 472(a), no part of Rule 472 would be implicated. *Copeland*, 2020 IL App (2d) 180423, ¶¶ 17, 19.

¶ 37    Even if we determined that defendant has not forfeited the issue he raises on appeal—a conclusion we do not reach—we briefly note that, forfeiture notwithstanding, we would conclude that there is no conflict between the trial court's oral pronouncement and its written order. Putting aside the fact that many different parts of the record reflect that defendant was aware of the costs imposed in this case, we note that the trial court's oral pronouncement is less than clear. On the one hand, although the court does not state that the costs were vacated, satisfied, or the like, the court's oral pronouncement, especially its statement that the charges were "reduced to judgment" and that defendant was "all clear," suggests that defendant may not have owed anything. Compare *People v. McCray*, 2016 IL App (3d) 140554, ¶ 6 (trial court used term " '[a]ll moneys [*sic*] owed reduced to judgment' " in oral pronouncement to express that the defendant owed nothing) with *People v. McCaskill*, 298 Ill. App. 3d 260, 266 (1998) (recognizing that orders for money owed may be "reduced to a judgment *** and collected"). On the other hand, it seems incongruous that the court would list the costs that defendant had to pay if defendant would never have to pay them. The written documents in the record establish what costs were imposed; the totals of those costs; how the bond defendant posted in other cases would be applied in this case; when those bonds were applied; the outstanding balances after bonds from other cases were applied; when the collection fee was imposed because the balance was not paid; the amount of the collection fee; and the date when all the charges assessed in this case, including the collection fee, were satisfied. Given the clarity of the record on these issues, we simply cannot conclude that any ambiguity in the court's oral pronouncement created a conflict with the written orders. Simply put, "[d]efendants cannot look to oral pronouncements to explain otherwise unambiguous written orders where the oral pronouncements themselves are, *at best*, ambiguous indicators of the court's intent." (Emphasis in original.) *Hernandez v. Pritikin*, 2012 IL 113054, ¶ 53.

¶ 38                                   III. CONCLUSION

¶ 39    For the reasons stated, we affirm the judgment of the circuit court of Winnebago County.

¶ 40    Affirmed.