NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 210406-U

NO. 4-21-0406

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 29, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| JULIANA VEGA, | ) | No. 19CF141 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |
| | ) | |

JUSTICE CAVANAGH delivered the judgment of the court.
Justice Knecht concurred in the judgment.
Presiding Justice DeArmond dissented.

**ORDER**

¶ 1    *Held*:    The appellate court reversed, finding the trial court erred in denying defendant's
*pro se* motion to correct fines and fees without giving due consideration to the fines
and fees set forth in the circuit clerk's payment status information sheet.

¶ 2    Defendant, Juliana Vega, appeals from the trial court's denial of her *pro se* motion

to correct fines and fees filed pursuant to Illinois Supreme Court Rule 472 (eff. May 17, 2019).

Defendant claims the circuit clerk failed to apply the appropriate credit to the imposed assessments

and assessed additional costs contrary to the trial court's finding of indigency and to its sentencing

order. We agree and reverse the court's order denying defendant relief and remand for the filing

of an amended assessment of amounts due.

¶ 3                          I. BACKGROUND

¶ 4        In January 2020, a jury found defendant guilty of one count of delivery of a controlled substance containing fentanyl, a Class 1 felony (720 ILCS 570/401(c)(1), (b-1) (West 2018)). On February 20, 2020, the trial court sentenced defendant to seven years in prison. After imposing the prison term, the court stated:

"In addition, there are financial obligations that are associated with this. There's a minimum fine of $75. The Schedule [3] felony drug offense criminal assessment of $2,215 applies. There's a $100 lab fee, a $250 DNA fee. You have pretrial incarceration credits for the 38 days that you've been in custody so that's [], $1,140. That will offset your fines so you don't have to pay the fine. That's offset.

Under the statute, you may be entitled to a waiver of the criminal assessment. That's the $2,215. Based upon the sentence and the information that the Court has been given today during the sentencing hearing, I am going to waive the requirement that you file a request to waive the criminal assessment; and I will waive 100 percent of that assessment so the $2,215 is waived.

But within 12 months of your release from the Department of Corrections, you will have to pay the $100 lab fee and the $250 DNA fee. Okay?"

¶ 5        The trial court entered a written "Supplemental Financial Sentencing Order," which listed the following assessments (as indicated with check marks next to the applicable assessments): a fine of $75, a felony drug offense assessment of $2215, a crime lab drug analysis assessment of $100, and a DNA analysis assessment of $250. The order indicated a credit for 38 days of pretrial incarceration at $30 per day for a total credit of $1140. It further indicated a 100% waiver of the felony drug offense assessment. The order also indicated the circuit clerk was ordered

to apply all available bond "prior to pretrial incarceration credits and assessment waivers. All fines, assessments and fees ordered herein shall be paid in full *** (within) 12 months of release from IDOC." This written order was consistent with and mirrored the court's oral pronouncement.

¶ 6        On May 15, 2020, the trial court denied defendant's timely filed motion to reconsider her sentence and, after defendant indicated her desire to appeal, the court appointed the Office of the State Appellate Defender (OSAD). OSAD filed a direct appeal docketed in this court as case No. 4-20-0232.

¶ 7        On January 21, 2021, this court allowed defendant's motion to dismiss her appeal. On July 12, 2021, defendant filed in the trial court a Rule 472 *pro se* motion to correct fines and fees. In her motion, defendant alleged OSAD notified her "there were errors that should be corrected[.]" She claimed OSAD informed her "the following fines were assessed in the absence of a court order: Violent Crime, Trauma Center, Medical Costs, Spinal Cord Trust, CJI Fund, Pill disposal, State Police Ops, and Child Advocacy." She claimed these "improperly assessed fines total approximately $351." She further claimed OSAD informed her she "was entitled to $1,140 of *per diem* credit, a portion of which should have been applied to offset the $100 Crime Lab fee that was orally imposed by this Court at the sentencing hearing."

¶ 8        On July 14, 2021, the trial court entered a docket entry denying defendant's *pro se* motion, acknowledging its jurisdiction pursuant to Rule 472, and finding it had "ordered Schedule 3 criminal assessments – which are then allocated to the various funds per status [*sic*] (705 ILCS 135/15-15 [(West 2020)]. In addition, defendant received credit for time served."

¶ 9        This appeal followed.

¶ 10                              II. ANALYSIS

¶ 11        Rule 472 provides a means for the trial court to address certain claimed sentencing

errors, including "[e]rrors in the imposition or calculation of fines, fees, assessments, or costs." Ill. S. Ct. R. 472(a) (eff. May 17, 2019). The rule provides, in criminal cases, "the circuit court retains jurisdiction to correct *** sentencing errors at any time following judgment and after notice to the parties, including during the pendency of an appeal, on the court's own motion, or on motion of any party." *Id.* The rule requires the claimed error to first be raised in the circuit court, and "any claim of error not raised in [a postjudgment] motion shall be deemed forfeited." Ill. S. Ct. R. 472(c) (eff. May 17, 2019).

¶ 12        In this appeal, defendant claims the trial court erred in denying her motion to correct fines and fees because the circuit clerk did not appropriately apply the credit ordered by the court and imposed additional unauthorized assessments. The State contends defendant has forfeited her claims because the particular claims raised in this appeal were not included in her motion as required by Rule 472(c). In response, defendant argues against forfeiture, acknowledging her motion "did not accurately set forth the errors made by the clerk," but suggesting her *pro se* petition be liberally construed.

¶ 13        Our review of defendant's *pro se* petition finds defendant's allegation "that there were errors that should be corrected by [the trial] Court" sufficient to constitute a request for the trial court to review the fines and fees imposed, ensure the appropriate assessments were entered, and ensure the appropriate credit was applied. We find her claim was not forfeited and was sufficient to preserve the issue for purposes of this appeal.

¶ 14        Defendant relies on the columns entitled "credits" and "due" on the circuit clerk's printouts to argue the wrong amounts were assessed and/or credited. She claims the clerk "applied the waiver to some, but not all, of the Schedule 3 fees, and charged [defendant] for $853.45 in court fees, $9.45 still outstanding. [Citation.] Thus, the clerk collected $494 in excess of what

[defendant] was ordered to pay—an amount that must be reimbursed—and assessed an additional $9.45, which should be waived in accordance with the trial court's order."

¶ 15        Our decision rests on whether the trial court had the authority to impose certain fines, fees, and assessments and whether the circuit clerk's allocation of funds, whether assessed or credited, was consistent with the applicable statutes and the court's order at sentencing. This issue involves questions of statutory interpretation, which we review *de novo*. *People v. Caballero*, 228 Ill. 2d 79, 82 (2008).

¶ 16        Section 15-15, known as Schedule 3, of the Criminal and Traffic Assessment Act (705 ILCS 135/15-15 (West 2020)) provides the circuit clerk shall collect $2215 upon a felony drug conviction and allocate those funds as specified in the statute. At sentencing, the trial court indicated the assessment of $2215 applied to defendant but 100% of this amount would be waived. The court also noted a fine of $75 applied but indicated defendant's pretrial incarceration credit of $1140 would offset that amount, so defendant would owe no fine. However, the court ordered defendant "to pay the $100 lab fee and the $250 DNA fee."

¶ 17        The trial court's written "Supplemental Financial Sentencing Order" ordered the circuit clerk to "apply all available bond prior to pretrial incarceration credits and assessment waivers." Thus, before any funds were allocated or credited, the clerk should have applied $844 from defendant's $1000 bond. (The clerk indicated $156 of the bond was "transferred to 19-CL-44," a fact this court will assume was appropriate, as neither party has disputed it.)

¶ 18        This court's review of the circuit clerk's July 14, 2020, printout of defendant's financial obligations indicates the total due should be $2640, not $2749.45. We find no authority for the assessment of the $109.45 fee designated as "clerk" and therefore vacate the same. From the $2640 owed, the clerk should then have applied "all available bond" in the amount of $844,

leaving a total due of $1796. After the bond is applied, the trial court instructed the clerk to then apply the pretrial incarceration credits and assessment waivers. The pretrial incarceration credit was to be applied only toward the $75 fine. After applying that credit, the total due was $1721, of which the $2215 waiver should have been applied, leaving a zero balance due. However, the court ordered defendant "to pay the $100 lab fee and the $250 DNA fee." Thus, the circuit clerk should have collected $350 from defendant. Defendant is entitled to a reimbursement of any amount she paid over $350.

¶ 19         Given this disposition, based upon our calculation, we conclude the trial court erred in denying defendant's *pro se* motion to correct fines and fees filed pursuant to Rule 472. We reverse the court's July 14, 2021, order and remand for a recalculation of defendant's financial status consistent with our decision and calculation set forth above.

¶ 20                                III. CONCLUSION

¶ 21         For the reasons stated, we reverse the trial court's order and remand for further proceedings consistent with our decision.

¶ 22         Reversed and remanded.

¶ 23         PRESIDING JUSTICE DeARMOND, dissenting:

¶ 24         I respectfully dissent and adopt the State's argument and rationale. Defendant, in her *pro se* petition, does not allege "that there were errors that should be corrected by [the trial] Court," as the majority's analysis asserts. Instead, she says, "[A]ppellate counsel notified me that there were errors that should be corrected by this Court." Defendant identified the errors appellate counsel described to her. More importantly, defendant then specified the errors to which she refers, naming the fines or assessments about which she complains.

¶ 25    As the State observes, "[T]he claims raised in [defendant's] appellate brief are entirely different from those in her initial motion." OSAD now raises new claims regarding other fees not originally named and contests an assessment to which the trial court's waiver should be extended. If this was an inartful *pro se* motion, couched in the most general terms, some leeway in applying forfeiture might be appropriate. Here, however, defendant was very specific about her claims, which she made at her appellate counsel's direction. OSAD has now expanded on that substantially.

¶ 26    The new claims, raised for the first time on appeal, are forfeited and not properly considered under plain error based on the clear language of Rule 472. As the State noted, then-Chief Justice Karmeier's comments about the policy considerations involved in the enactment of Rule 472 were referenced in *People v. Jones*, 2022 IL App (2d) 210079-U, ¶ 32. Those comments included the following: "If a party files a post-judgment motion raising a sentencing error pursuant to the new rules, the party must include all claims of sentencing error at that time. Any claim of error not so raised shall be deemed forfeited." Karmeier, CJ., *Overcoming the Chronic Challenge of Correcting Sentencing Errors: Help is on the Way*, (Feb. 25, 2019), available at, https://www.illinoiscourts.gov/News/509/Overcoming-the-Chronic-Challenge-of-Correcting-Sentencing-Errors-Help-is-on-the-Way/news-detail/ (last visited Mar. 29, 2023).

¶ 27    For these reasons, I respectfully dissent.