# Illinois Official Reports

## Appellate Court

---

### *People v. Hinton*, 2019 IL App (2d) 170348

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEWARD L. HINTON, Defendant-Appellant. |
| District & No. | Second District<br>No. 2-17-0348 |
| Filed | October 31, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 16-CM-2607; the Hon. Alexander F. McGimpsey, Judge, presiding. |
| Judgment | Remanded. |
| Counsel on Appeal | James E. Chadd, Thomas A. Lilien, and Sade V. Edwards, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman, Assistant State's Attorney, of counsel), for the People. |
| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion.<br>Justices Hutchinson and Zenoff concurred in the judgment and opinion. |

¶ 1 Defendant, Steward L. Hinton, entered a negotiated plea of guilty of disorderly conduct (720 ILCS 5/26-1(a)(1) (West 2016)). Defendant's agreement with the State, as recited in court before he entered his plea, provided that he would be sentenced to a 30-day jail term, with credit for 15 days in custody. The agreement also provided that he would pay court costs but no fine. The trial court approved the agreement, but according to defendant, the sentencing order included certain "court costs" that were actually fines. Thus, defendant maintains that he did not receive the benefit of his bargain with the State. He asks us to "reduce the sentencing order assessing fines, fees, and costs by the total amount of the improperly imposed fines." We are compelled, however, to remand the case to the trial court.

## I. BACKGROUND

¶ 3 Defendant entered a negotiated plea of guilty of disorderly conduct (720 ILCS 5/26-1(a)(1) (West 2016)). After the trial court accepted defendant's guilty plea, defendant unsuccessfully moved to withdraw it. The sole basis for the motion was that defendant's plea was not knowing or voluntary. Defendant did not take issue with the court costs or fines that he was ordered to pay. The issue that he now raises was not raised below.

## II. ANALYSIS

¶ 5 After defendant filed his appellate brief but before the State filed its brief, our supreme court adopted Illinois Supreme Court Rule 472 (eff. May 17, 2019), which provides, in pertinent part, as follows:

> "(a) In criminal cases, the circuit court retains jurisdiction to correct the following sentencing errors at any time following judgment and after notice to the parties, including during the pendency of an appeal, on the court's own motion, or on motion of any party:
>
> (1) Errors in the imposition or calculation of fines, fees, assessments, or costs;
> * * *
> (c) No appeal may be taken by a party from a judgment of conviction on the ground of any sentencing error specified above unless such alleged error has first been raised in the circuit court. ***
> ***
> (e) In all criminal cases pending on appeal as of March 1, 2019, or appeals filed thereafter in which a party has attempted to raise sentencing errors covered by this rule for the first time on appeal, the reviewing court shall remand to the circuit court to allow the party to file a motion pursuant to this rule."

¶ 6 The State contends that "[d]efendant does not assert error in the imposition of a fine in the sense that Rule 472 contemplates." According to the State, the fines defendant challenges are mandatory and defendant "does not assert that under different circumstances [they] would be improper; he simply asserts [that] he did not agree to them." The State does not describe the "different circumstances" under which a challenge to fines would be subject to Rule 472, so it is difficult to identify a reasoned basis for the State's view that benefit-of-the-bargain

challenges are outside the rule's scope. Whether Rule 472 applies here is simply a question of interpretation, which is governed by the following principles:

> "We construe Illinois Supreme Court rules according to the same principles that govern the interpretation of statutes. [Citation.] Our primary goal is to ascertain and give effect to the drafters' intent, which is best indicated by the language used, when given its plain and ordinary meaning. [Citation.] We will interpret the rule such that no part of it is rendered meaningless or superfluous, and we will not depart from the rule's plain language by reading into it exceptions, limitations, or conditions that conflict with the drafters' expressed intent." *Mehalko v. Doe*, 2018 IL App (2d) 170788, ¶ 16.

¶ 7 Rule 472 plainly states that a criminal defendant may not take an appeal raising "[e]rrors in the imposition *** of fines" (Ill. S. Ct. R. 472(a)(1) (eff. May 17, 2019)) unless he or she raised the error in the trial court. Here, defendant argues that, because he bargained for a sentence that did not include fines, the trial court erred by imposing fines. The State's interpretation of Rule 472—that it applies not to all claims of error in the imposition of fines but only to claims based on certain unspecified theories—is contrary to the rule's broad, unqualified language. We may not depart from the rule's plain language by creating such a limitation.

¶ 8                                III. CONCLUSION
¶ 9 Because this appeal was pending on March 1, 2019, Rule 472 applies and we remand to the trial court to allow defendant to file a motion challenging the imposition of fines.

¶ 10 Remanded.