# Illinois Official Reports

## Appellate Court

---

### *People v. Copeland*, 2020 IL App (2d) 180423

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FREDDY COPELAND, Defendant-Appellant. |
| District & No. | Second District<br>No. 2-18-0423 |
| Filed | June 16, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 16-CF-647; the Hon. Linda S. Abrahamson, Judge, presiding. |
| Judgment | Vacated in part; affirmed as modified in part. |
| Counsel on Appeal | James E. Chadd, Thomas A. Lilien, and Steven L. Walker, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Joseph H. McMahon, State's Attorney, of St. Charles (Patrick Delfino, Edward R. Psenicka, and John G. Barrett, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE BRIDGES delivered the judgment of the court, with opinion.<br>Justices Jorgensen and Brennan concurred in the judgment and opinion. |

¶ 1  Defendant, Freddy Copeland, entered open guilty pleas to predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2014)) and aggravated criminal sexual abuse (*id.* § 11-1.60(c)(1)(i)) and was sentenced to consecutive prison terms of six years and four years, respectively. The trial court ordered him to pay "restitution" to a private company that transported him from Texas to Illinois. Defendant moved to reconsider the sentence, but he did not claim any error in the award of restitution. The court denied the motion, and he appealed.

¶ 2  On appeal, defendant contends that the award of restitution must be vacated because the transport company, which the Kane County Sheriff's Office hired, was not a "victim" as defined by section 5-5-6 of the Unified Code of Corrections (730 ILCS 5/5-5-6 (West 2018)) (restitution statute)). Defendant concedes that the same amount was chargeable as "costs" under section 124A-5 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/124A-5 (West 2018)). He requests that we vacate the restitution and invites us in our discretion to remand the cause for the trial court to enter a proper order for costs under section 124A-5 of the Code.

¶ 3  The State concedes that the restitution statute did not authorize the award. It contends, however, that we lack jurisdiction over this appeal, because, under Illinois Supreme Court Rule 472 (eff. May 17, 2019), the trial court retained jurisdiction to correct the error. Alternatively, the State argues that, if we have jurisdiction, we may correct the error without remanding.

¶ 4  We agree with defendant that we have jurisdiction over this appeal. We hold that the trial court erred in awarding restitution instead of costs under section 124A-5 of the Code. We vacate the improper restitution, award an equal amount of costs in its place, and otherwise affirm.

¶ 5  I. BACKGROUND

¶ 6  On February 14, 2018, at sentencing, the State requested that the trial court impose several "fines and costs," including "the restitution fee of $765.90 that would be payable to the transport service that brought [defendant] from Texas to Kane County." The court admitted an invoice dated May 6, 2016, from US Prisoner Transport of Nashville, Tennessee (USPT), to the Kane County Sheriff's Office. It recorded a charge of $765.90 for transporting defendant from a Texas jail. No other restitution was sought. Defendant did not dispute the request.

¶ 7  On March 28, 2018, the trial court sentenced defendant. The court stated in part that it awarded "[a]ll the fines, costs, and fees as requested by the State." The court added, "I'm also going to include the restitution requested." The court left the amount of restitution pending but reduced "the fines, costs, and fees" to judgment. That day, it entered a written judgment that, in part, ordered defendant to pay $765.90 in "[r]estitution" to USPT. Defendant moved to reconsider his sentence, but he did not raise the payment to USPT. The court denied the motion. Defendant timely appealed.

¶ 8  II. ANALYSIS

¶ 9  Defendant contends that the trial court erred in ordering him to pay restitution to USPT. He argues that only a "victim," as defined by the restitution statute, may receive such an award and that USPT was merely the agent of the sheriff's office, which was performing routine law-

enforcement duties. He argues that neither was a victim under the restitution statute. See 730 ILCS 5/5-5-6 (West 2018) (statute authorizes court to order restitution in any case in which "the person received any injury to his or her person or damage to his or her real or personal property as a result of the criminal act of the defendant"); *People v. Danenberger*, 364 Ill. App. 3d 936, 942-43 (2006); *People v. Gaytan*, 186 Ill. App. 3d 919, 929 (1989). Defendant concedes that the court could have required him to pay the transport fee as a cost under section 124A-5 of the Code. He does not contest the amount due.

¶ 10        The State concedes that the trial court erred in ordering defendant to pay restitution to USPT. However, it argues, Rule 472 required defendant to raise this error in the trial court before appealing to this court.

¶ 11        To resolve this jurisdictional question, we must construe Rule 472. It reads:

> "(a) In criminal cases, the circuit court retains jurisdiction to correct the following sentencing errors at any time following judgment and after notice to the parties, including during the pendency of an appeal, on the court's own motion, or on motion of any party:
>
>> (1) *Errors in the imposition or calculation of fines, fees, assessments, or costs*;
>>
>> (2) Errors in the application of per diem credit against fines;
>>
>> (3) Errors in the calculation of presentence custody credit; and
>>
>> (4) Clerical errors in the written sentencing order or other part of the record resulting in a discrepancy between the record and the actual judgment of the court.
>
> (b) Where a circuit court's judgment pursuant to this rule is entered more than 30 days after the final judgment, the judgment constitutes a final judgment on a justiciable matter and is subject to appeal in accordance with Supreme Court Rule 303.
>
> (c) *No appeal may be taken by a party from a judgment of conviction on the ground of any sentencing error specified above unless such alleged error has first been raised in the circuit court. When a post-judgment motion has been filed by a party pursuant to this rule, any claim of error not raised in that motion shall be deemed forfeited.*
>
> (d) If a motion is filed or judgment pursuant to this rule is entered after a prior notice of appeal has been filed, and said appeal remains pending, the pending appeal shall not be stayed. Any appeal from a judgment entered pursuant to this rule shall be consolidated with the pending appeal.
>
> (e) *In all criminal cases pending on appeal as of March 1, 2019, or appeals filed thereafter in which a party has attempted to raise sentencing errors covered by this rule for the first time on appeal, the reviewing court shall remand to the circuit court to allow the party to file a motion pursuant to this rule.*" (Emphases added.) Ill. S. Ct. R. 472 (eff. May 17, 2019).

¶ 12        The State contends that, per paragraph (a)(1), the trial court has retained jurisdiction over the claim because it is one of error "in the imposition *** of fines, fees, assessments, or costs." Ill. S. Ct. R. 472(a)(1) (eff. May 17, 2019). Therefore, the State reasons, under paragraph (e), defendant's failure to raise the claim in the trial court requires us to remand summarily. The State relies on *People v. Hinton*, 2019 IL App (2d) 170348. Defendant counters that the error was not committed in the imposition of fines, fees, assessments, or costs, because the court did not impose any of those four charges: it imposed restitution. He argues that *Hinton* is

distinguishable because the claim there involved the imposition of one of the types of charges in paragraph (a)(1). We agree with defendant.

¶ 13    We must first decide whether restitution is a "fine," "fee," "cost," or "assessment." This requires us to construe the pertinent statutes as well as Rule 472. In both endeavors, we seek to ascertain and effectuate the drafters' intent, the best indication of which is the language that they employed. *Wauconda Fire Protection District v. Stonewall Orchards, LLP*, 214 Ill. 2d 417, 430 (2005) (statutes); *Longstreet v. Cottrell, Inc.*, 374 Ill. App. 3d 549, 553 (2007) (supreme court rules). If the language is clear, we must apply it directly. See *Stonewall Orchards*, 214 Ill. 2d at 430; *Longstreet*, 374 Ill. App. 3d at 553. To the extent that construction is necessary, we presume that statutes that address the same subject matter are consistent and harmonious. *Wade v. City of North Chicago Police Pension Board*, 226 Ill. 2d 485, 511-12 (2007). The same presumption applies to statutes *vis-à-vis* supreme court rules. See *Wolfe v. Illini Federal Savings & Loan Ass'n*, 158 Ill. App. 3d 321, 324 (1987).

¶ 14    Section 124A-5 of the Code authorizes a trial court to require a convicted defendant to pay "the costs of the prosecution," which "shall include reasonable costs incurred by the Sheriff for serving arrest warrants, for picking up the offender from a [foreign] county *** and for picking up the offender from a location outside the State of Illinois pursuant either to his or her extradition or to his or her waiver of extradition." 725 ILCS 5/124A-5 (West 2018). The charge in favor of USPT and against the Kane County Sheriff's Office plainly qualifies as a "cost of prosecution" under section 124A-5. Therefore, it is within the definition of "costs" in Rule 472(a)(1) as well. By contrast, section 124A-5 does not define restitution as a cost.

¶ 15    Moreover, as defendant notes, other statutes distinguish between restitution and costs, implying that that they are mutually exclusive. The restitution statute authorizes a trial court to "require the defendant to apply the balance of the cash bond, after payment of court costs, and any fine that may be imposed to the payment of restitution." 730 ILCS 5/5-5-6(e) West 2018). This also demonstrates that the legislature did not intend restitution to be a "fine." So does section 5-9-3(e) of the statute on fines, under which a defaulted "payment of a fine, fee, cost, [or] order of restitution *** may be collected by any and all means authorized for the collection of money judgments." *Id.* § 5-9-3(e). Section 5-9-3(e) thereafter repeatedly uses the phrase "fine, fee, cost, order of restitution," distinguishing costs, fines *and* fees from restitution. *Id.* Thus, restitution is not a cost, fine, or fee under any pertinent statute. Nor is restitution a cost, fine, or fee under Rule 472(a)(1) when its text is interpreted harmoniously and consistently with these statutes.

¶ 16    That leaves only "assessments." On August 20, 2018, the legislature passed the Criminal and Traffic Assessment Act (Assessment Act) (705 ILCS 135/1-1 *et seq.* (West 2018)). See Pub. Act 100-987 (eff. Aug. 20, 2018). We note that August 20, 2018, preceded both the adoption date (February 26, 2019) and the effective date (May 17, 2019) of Rule 472(a)(1), as amended; therefore, our supreme court no doubt looked to it in amending the rule. The Assessment Act defines "assessment" as "any costs imposed on a defendant under schedules 1 through 13 of this Act." 705 ILCS 135/1-5 (West 2018). We construe "costs" to exclude restitution, consistent with our interpretation of "costs" in the relevantly similar contexts noted above. More important, schedule 4, which applies to felony sex offenses such as defendant's, lists a variety of charges to benefit state and county funds. It does not list restitution or any type of payment to a private party. See *id.* § 15-20. Thus, restitution is not an "assessment" under the statute that deals comprehensively with assessments against criminal defendants.

Construing the statute and the supreme court rule in harmony, we conclude that restitution cannot be an "assessment" under the latter.

¶ 17    We hold that, in ordering defendant to pay USPT, the trial court did not impose any "fines, fees, assessments, or costs." See Ill. S. Ct. R. 472(a)(1) (eff. May 17, 2019). Rule 472(a)(1) applies to only "[e]rrors in the *imposition*" of such charges, and therefore the erroneous imposition of restitution is not governed by the rule. (Emphasis added.) *Id.* Moreover, Rule 472(a) does not govern the *failure* to impose a fine, fee, assessment, or cost. Therefore, defendant's claim that the court erred in ordering restitution is not governed by Rule 472.

¶ 18    *Hinton* does not hold or imply otherwise. There, after the defendant entered a negotiated guilty plea, the trial court ordered him to pay "court costs[ ] but no fine." *Hinton*, 2019 IL App (2d) 170348, ¶ 1. On appeal, he argued for the first time that the court had erred in that its sentencing order included "costs" that were actually fines. *Id.* ¶¶ 1, 3. We held that, because Rule 472 plainly applied to errors in the imposition of costs *or* fines, we lacked jurisdiction to decide the issue. *Id.* ¶ 7. Therefore, in accordance with Rule 472(e), we summarily remanded so that the defendant could raise his claim of error in the trial court. *Id.* ¶ 9. *Hinton* is distinguishable because, unlike restitution, fines are within the plain language of Rule 472(a)(1) and, even were the contested charges actually costs, those were also within the plain language of Rule 472(a)(1).

¶ 19    Therefore, we hold that paragraph (a)(1) of Rule 472 does not govern defendant's claim of error. Further, and crucially, *neither do paragraphs (c) and (e)*. They unambiguously presuppose that the claimed error is within paragraph (a). Paragraph (c) applies to only an appeal from a judgment "*on the ground of any sentencing error specified above.*" (Emphasis added.) Ill. S. Ct. R. 472(c) (eff. May 17, 2019). Paragraph (e) requires us to remand summarily only if "a party has attempted to raise *sentencing errors covered by this rule* for the first time on appeal." (Emphasis added.) Ill. S. Ct. R. 472(e) (eff. May 17, 2019).

¶ 20    What we have established applies to the jurisdictional[1] issue and to the relief available for what the State concedes was trial court error. Because we may reach the merit of this appeal, we do so. Because the State confesses error on the merits and its confession is well taken, we hold that the trial court erred in ordering defendant to pay restitution to USPT.[2] We note that defendant's newly raised claim is cognizable as plain error. See *People v. Adame*, 2018 IL App (2d) 150769, ¶ 23; *People v. Jones*, 206 Ill. App. 3d 477, 482 (1990).

¶ 21    There remains the question of what relief to grant defendant. Because the trial court's error was not within paragraph (a) of Rule 472, it was not within paragraph (e). Thus, our ability to provide a remedy is unobstructed by Rule 472. Defendant requests that we vacate the restitution order but also invites us, in our discretion, to remand the cause to the trial court for the entry of a proper order under section 124A-5 of the Code. He concedes that he owes the charge under that section. Moreover, vacating the restitution order, without more, could grant

---

[1]Although the State speaks of jurisdiction, paragraph (c) appears to create a forfeiture, not a limit on an appellate court's inherent authority. Here, we need not resolve the matter.

[2]We note that the difference between restitution and costs is not formal or merely semantic. Restitution requires payment directly to a third party, possibly a private person or organization, which, as defendant notes, could result in long delays in that party's receipt of compensation or inconvenience or expense in collecting it at all.

defendant a windfall by preventing the correction of an error that the trial court could have undone had defendant raised it at sentencing or in his postjudgment motion.

¶ 22 In the interest of judicial economy, we decline to remand and instead act directly per our power to enter any order that the trial court should have entered. See Ill. S. Ct. R. 366(a)(5) (eff. Feb. 1, 1994). In addition to vacating the restitution order, therefore, we modify the judgment to impose court costs of $765.90 in accordance with section 124A-5 of the Code. In all other respects, the judgment is affirmed.

¶ 23                                                    III. CONCLUSION

¶ 24 For the reasons stated, the judgment of the circuit court of Kane County is vacated in part and otherwise affirmed as modified.

¶ 25 Vacated in part; affirmed as modified in part.