**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190325-U

Order filed December 22, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0325 Circuit No. 13-CF-516 |
| DORIAN YAMINI, | ) ) ) | Honorable Carmen Julia Goodman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HAUPTMAN delivered the judgment of the court.
Justices Daugherity and Holdridge concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*:    The circuit court's order for restitution was erroneously entered.

¶ 2      Defendant, Dorian Yamini, appeals from his convictions for armed robbery, aggravated kidnapping, and aggravated vehicular hijacking. Defendant argues the order for restitution to Bank of America must be vacated or the cause must be remanded for the Will County circuit court to amend the restitution order to include the mandatory payment terms. We affirm in part, vacate in part, and remand with directions.

¶ 3                                    I. BACKGROUND

¶ 4          In April 2018, the State charged defendant by indictment with one count of armed

robbery (720 ILCS 5/18-2(a) (West 2012)), one count of aggravated kidnaping (*id.* § 10-2(a)(6)),

and two counts of aggravated vehicular hijacking (*id.* § 18-4(a)(1), 5-1). The evidence at

defendant's bench trial showed that defendant, Chavell Anderson, and Aaron Anderson

approached Betty Krainik in front of her home and ordered her at gunpoint to get into their car.

Defendant and Chavell drove Krainik to a Bank of America branch in Matteson, and Aaron

drove Krainik's car. At Bank of America, Chavell used Krainik's debit card to withdraw $500.

The men met near Interstate 57, let Krainik out of the car, and then used Krainik's credit and

debit cards to make purchases at a nearby Walmart. Chavell testified that he was not sure which

bank issued Krainik's debit card, but it was not Bank of America. The court found defendant

guilty of all four counts.

¶ 5          During the June 5, 2019, sentencing hearing, the State said that "in calculating the costs,

*** [defendant] has a little bit over $34,000 in bond." The State said that it had prepared a "cost

sheet" that "came out to $5,653." The State asked the court to apply defendant's bond to cover

the costs.

¶ 6          The court sentenced defendant to three concurrent terms of 21 years' imprisonment. The

court initially said

                     "In terms of fines and cost, the money that was put up, quite a bit of bond,

              the remaining for the judgment for cost and judgment of conviction enters and

              time in jail of 259 days straight time returned to the surety the remaining part."

Later during the hearing, the court said

                                            2

"Judgment of the costs. There won't be a judgment for the costs but the costs are assessed. That will be taken out of your bond and the remaining will be returned to the surety on the bond."

The written "Order assessing fines, fees and costs" included an order for $500 restitution with the handwritten note: "Bank of America 4800 Southwick Dr. Matteson, IL 60443." A notation on the cost order indicated that it was prepared by the state's attorney. The court signed the cost order on June 5, 2019. Defendant appeals.

¶ 7                                    II. ANALYSIS

¶ 8        Defendant asks this court to vacate the order for restitution to Bank of America or remand the cause to the circuit court to amend the restitution order to include the mandatory payment terms. Defendant argues the court only "assessed costs," and restitution is not a cost, and the State presented no evidence that Bank of America suffered an actual loss.

¶ 9        Defendant acknowledges that this issue is forfeited because he did not object to it. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). Defendant argues that it is subject to reversal under the plain error doctrine. The plain error doctrine permits a reviewing court to consider an otherwise forfeited error where a clear or obvious error occurred and either (1) the evidence is so closely balanced that the error alone threatened to tip the scales of justice against defendant, or (2) the error is so serious that it affected the fairness of defendant's trial and challenged the integrity of the judicial process. *People v. Piatkowski*, 225 Ill. 2d 551, 564-65 (2007). In *People v. Birge*, 2021 IL 125644, ¶ 50, our supreme court found a forfeited restitution error was a plain error subject to reversal under the second prong because the error "affects the fairness of the defendant's trial and challenges the integrity of the judicial process." We begin by determining

whether the restitution assessment in this case is error. See *People v. Sebby*, 2017 IL 119445, ¶ 49.

¶ 10        A circuit court may order a defendant to pay restitution for an economic loss caused by defendant's criminal conduct. 730 ILCS 5/5-5-6(a) (West 2012); see also *Birge*, 2021 IL 125644, ¶ 47. However,

> " 'In fixing the amount of restitution to be paid in cash, *** the court shall assess the actual out-of-pocket expenses, losses, damages, and injuries suffered by the victim named in the charge and any other victims who may also have suffered out-of-pocket expenses, losses, damages, and injuries proximately caused by the same criminal conduct of defendant ***.' " (Emphasis omitted.) *Birge*, 2021 IL 125644, ¶ 47 (quoting 730 ILCS 5/5-5-6(b) (West 2014)).

"[T]he trial court must evaluate the actual costs incurred by the victim and cannot rely on conjecture or speculation as to the amount to be awarded." *Id.* ¶ 48. We review an order for restitution for an abuse of discretion. *People v. Adame*, 2018 IL App (2d) 150769, ¶ 13.

¶ 11        In the present case, the written "Order assessing fines, fees and costs" included a line-item ordering defendant to pay $500 in restitution to Bank of America. While the title of this order conflicts with the court's oral pronouncement that "[t]here won't be a judgment for the costs," this conflict does not affect the restitution line because restitution is not a cost, fine, or fee. See *People v. Smith*, 242 Ill. App. 3d 399, 402 (1993) (when the court's oral pronouncement conflicts with the written order, the oral pronouncement controls); see also *People v. Copeland*, 2020 IL App (2d) 180423, ¶ 15 (finding that "restitution is not a cost, fine, or fee under any pertinent statute"). However, there is no indication in the record that before " 'fixing the amount of restitution,' " the court assessed the losses suffered by the victim. See *Birge*, 2021 IL 125644,

¶ 47 (quoting 730 ILCS 5/5-5-6(a) (West 2014)). Nor is it clear from the record that Bank of America qualifies as a victim under the restitution statute as the money was withdrawn from Krainik's account and there is no indication that Bank of America reimbursed Krainik for the loss. See 730 ILCS 5/5-5-6 (West 2012). Therefore, this clear and obvious error requires vacatur under the second prong of plain error review. See *Birge*, 2021 IL 125644, ¶ 53. Accordingly, we vacate the $500 restitution order to Bank of America and remand the cause with directions for the court to hold a hearing on restitution.

¶ 12                                    III. CONCLUSION

¶ 13       The judgment of the circuit court of Will County is affirmed in part and vacated in part. The cause is remanded with directions for the court to hold a hearing on restitution.

¶ 14       Affirmed in part, and vacated in part
¶ 15       Remanded with directions.